KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
700 S. FLOWER ST., SUITE 1950
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

ENTERED
FEB 09 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

FILED
FEB 09 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

IN RE:

MARIA DEL ROCIO CENDEJAS

DEBTOR(S).

LODGED
FEB - 2 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

CASE NO.: LA09-41782-AA

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

DATE: January 28, 2010
TIME: 10:30 am
PLACE: ROYBAL BUILDING
255 EAST TEMPLE STREET
Courtroom 1375 - 13th Floor
LOS ANGELES, CA 90012

The Debtor's original Chapter 13 plan was filed on November 24, 2009.

The original plan was transmitted to the creditors under Bankruptcy Rule 3015. The first meeting of creditors was held on December 18, 2009. The court finds that the original plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED THAT:

The Debtor's original plan is interlineated and confirmed with the following provisions:

I. TERMS OF CONFIRMED PLAN

A. Current Plan Payment: See the attached Plan Payment Register for the monthly plan payment amount and the due dates for each payment during the plan term;

B. Due Date of Each Payment: 12th;

C. Plan Term: 60 months;

D. Base Plan Amount: $27,000.00;

1. The Debtor is required to pay the full Base Plan Amount prior to discharge of the case.

Any tax refunds submitted to the trustee will not reduce the Base Plan Amount.

2. The Base Plan Amount may be modified under the following circumstances:

   a) If the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims, the plan may be deemed paid in full prior to payment of the entire Base Plan Amount;
   b) Refinance or sale of property of the estate within the first thirty-six months of the Plan, if the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims.
   c) Any income increase. An income increase includes but is not limited to an earnings increase, lottery winnings and/or an inheritance;
   d) Modification of the plan.

3. The Percentage to the Allowed Unsecured Creditors at the time of confirmation is 18.47%. This percentage may be modified if the allowed claims filed by the creditors total less than the amount provided for them in the plan and the plan pays less than 100% to allowed unsecured claims. The Trustee shall disburse said amount in payment of allowed unsecured claims up to payment of 100% thereof. No further notice or hearing is required for the Trustee to adjust the percentage to be paid to allowed unsecured claims.

4. If the plan is rendered infeasible due to the occurrence of some event which includes but is not limited to the filing of a creditor's claim, the granting of a supplemental fee application or the granting of a detailed fee application, the Trustee shall extend the plan term to the extent necessary to render the plan feasible but in no event shall such extension exceed sixty months. If such extension is required, the Trustee shall notify the Debtor and Debtor's attorney, if applicable, of the length of the modified plan term but no further court order will be required. If the plan remains infeasible even with a plan term extension to sixty months, the Trustee shall notify the Debtor and the Debtor's attorney, if applicable, of the continued infeasibility of the plan.

5. The Trustee's "Plan Interlineation" Form and the interlineations set forth therein is incorporated herein by reference..

E. The Debtor(s) shall provide properly executed and conformed copies of all required preconfirmation declarations to the Trustee within three (3) calendar days of the hearing date the plan was confirmed in open court. These declarations include but are not limited to the Declaration Setting Forth Postpetition Preconfirmation Deed of Trust Payments; Declaration re: Payment of Domestic Support Obligations; Declaration re: Tax Returns; and the Declaration Setting Forth Postpetition Preconfirmation Payments on 1. Leases of Personal Property 2. Purchase Money Security Liens in Personal Property of Trust Payments.

II. OTHER PROVISIONS:

A. The court retains jurisdiction to hear the Trustee's motion to compel the Debtor to pay all projected disposable income for the applicable commitment period.

B. Each year a case is pending after the confirmation of the plan, the Debtor shall provide to the Trustee: (1) a copy of the Debtor's federal income tax return, (2) any request for extension of the deadline for filing the federal income tax return and (3) copies of forms W-2 and/or 1099 to the Chapter 13 Trustee all within 10 days after the federal income tax return is filed with the Internal Revenue Service.

C. If the Debtor's attorney has not yet submitted to the Trustee an application for fees, no funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees. Disbursement to other creditors will commence immediately. However, if the Debtor's attorney has filed a Rights and Responsibilities Agreement, the order confirming the plan shall also act as the order approving attorney's fees as disclosed in the Rights and Responsibilities Agreement in the amount of $4,000.00. If a Detailed Fee Application has been approved by the court, the attorney shall be awarded fees as set forth in the Detailed Fee Application and the Chapter 13 plan which are incorporated herein by reference.

D. The Debtor shall pay timely all post-confirmation tax liabilities directly to the appropriate

taxing authorities, unless otherwise ordered.

E. A payroll deduction order may be issued when the Debtor is in default for more than 20 days, unless provided otherwise by the plan. No further declaration or order is required.

F. If the Debtor plan provides for less than a 100% dividend to class five creditors, the Debtor is required to turn over all income tax refunds to the Trustee during the first three years of the plan.

G. If the Debtor is self-employed the Debtor shall provide financial statements, including but not limited to bank statements, profit and loss statements, balance sheet, and a cash flow statement for every six (6) months of the plan term.

H. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

I. Each year during the pendency of the plan, the Debtor shall file a copy of their federal income tax return or tax transcript with the Bankruptcy Court within ten days after filing the income tax return with the Internal Revenue Service.

J. Each year during the pendency of the plan, the Debtor shall provide to the Trustee at least 45 days prior to the anniversary date of the entry of the order confirming the plan, a statement, under penalty of perjury, of the income and expenditures of the Debtor for the tax year of the Debtor most recently concluded and of the monthly income of the Debtor that shows how income, expenditures and monthly income are calculated.

The statement shall disclose:

- the amount and sources of the income of the Debtor;
- the identity of any person responsible with the debtor for the support of any dependent of the Debtor; and
- the identity of any person who contributed, and the amount contributed to the household in which the Debtor resides.

K. Before the due date of the last plan payment of the plan or any subsequently modified plan, the Debtor shall complete a personal financial management course from a provider approved by the Office of the United States Trustee;

L. If during the pendency of the plan, the Debtor becomes obligated to pay a domestic support claim, he or she shall provide the following information to the Trustee:

- name, address and telephone number of any domestic support claimant;
- name, address and telephone number of the State child support enforcement agency of such claim.

M. If during the pendency of the plan, the Debtor becomes involved with any proceeding where the Debtor may be convicted of a felony as set forth under 11 U.S.C. §522(q)(1)(A) or the Debtor is involved with any proceeding where the Debtor may be found liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), the Debtor shall immediately notify the Trustee in writing of the nature and status of the proceeding.

Dated: FEB 09 2010

Alan M. Ahart
United States Bankruptcy Judge

## PLAN PAYMENT REGISTER

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 12/12/09 | $450.00 | 21 | 8/12/11 | $450.00 | 41 | 4/12/13 | $450.00 |
| 2 | 1/12/10 | $450.00 | 22 | 9/12/11 | $450.00 | 42 | 5/12/13 | $450.00 |
| 3 | 2/12/10 | $450.00 | 23 | 10/12/11 | $450.00 | 43 | 6/12/13 | $450.00 |
| 4 | 3/12/10 | $450.00 | 24 | 11/12/11 | $450.00 | 44 | 7/12/13 | $450.00 |
| 5 | 4/12/10 | $450.00 | 25 | 12/12/11 | $450.00 | 45 | 8/12/13 | $450.00 |
| 6 | 5/12/10 | $450.00 | 26 | 1/12/12 | $450.00 | 46 | 9/12/13 | $450.00 |
| 7 | 6/12/10 | $450.00 | 27 | 2/12/12 | $450.00 | 47 | 10/12/13 | $450.00 |
| 8 | 7/12/10 | $450.00 | 28 | 3/12/12 | $450.00 | 48 | 11/12/13 | $450.00 |
| 9 | 8/12/10 | $450.00 | 29 | 4/12/12 | $450.00 | 49 | 12/12/13 | $450.00 |
| 10 | 9/12/10 | $450.00 | 30 | 5/12/12 | $450.00 | 50 | 1/12/14 | $450.00 |
| 11 | 10/12/10 | $450.00 | 31 | 6/12/12 | $450.00 | 51 | 2/12/14 | $450.00 |
| 12 | 11/12/10 | $450.00 | 32 | 7/12/12 | $450.00 | 52 | 3/12/14 | $450.00 |
| 13 | 12/12/10 | $450.00 | 33 | 8/12/12 | $450.00 | 53 | 4/12/14 | $450.00 |
| 14 | 1/12/11 | $450.00 | 34 | 9/12/12 | $450.00 | 54 | 5/12/14 | $450.00 |
| 15 | 2/12/11 | $450.00 | 35 | 10/12/12 | $450.00 | 55 | 6/12/14 | $450.00 |
| 16 | 3/12/11 | $450.00 | 36 | 11/12/12 | $450.00 | 56 | 7/12/14 | $450.00 |
| 17 | 4/12/11 | $450.00 | 37 | 12/12/12 | $450.00 | 57 | 8/12/14 | $450.00 |
| 18 | 5/12/11 | $450.00 | 38 | 1/12/13 | $450.00 | 58 | 9/12/14 | $450.00 |
| 19 | 6/12/11 | $450.00 | 39 | 2/12/13 | $450.00 | 59 | 10/12/14 | $450.00 |
| 20 | 7/12/11 | $450.00 | 40 | 3/12/13 | $450.00 | 60 | 11/12/14 | $450.00 |

## PROOF OF SERVICE BY U.S. MAIL

I, Perlita Gozun, declare as follows:

I am employed in the County of Los Angeles, State of California. My business address is 700 S. Flower Street, Suite 1950, Los Angeles, California 90017. I am over the age of eighteen and not a party to this case. On 2/2/10, I served the "**ORDER CONFIRMING CHAPTER 13 PLAN**" by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles, California addressed as follows:

[See Service list]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and executed at Los Angeles, California.

DATED: 2/2/10

Perlita Gozun
Perlita Gozun

**Service List**

L BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD
SUITE 1500
LOS ANGELES, CA 90010

MARIA DEL ROCIO CENDEJAS
1845 SEIGNEUR AVE
LOS ANGELES, CA 90032